1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11   ALEX ZIVKOVICH,  et al.,                          No.  2:14-cv-01198-MCE-KJN

12                   Plaintiffs,

13          v.                                         **MEMORANDUM AND ORDER**

14   UNITED STATES OF AMERICA,

15                   Defendant.

16

17          Through the present action, Plaintiff Alex Zivkovich seeks damages for personal

18   injuries he sustained when the motorcycle he was operating collided with a vehicle

19   driven by Jay Evan Slaten.  Mr. Zivkovich's wife, Debra Zivkovich, is an additional

20   plaintiff and seeks damages for loss of consortium.

21          Plaintiff's lawsuit was originally filed in state court on March 4, 2014.  After

22   determining that Slaten, an employee of the Internal Revenue Service ("IRS"), was

23   acting within the course and scope of his employment at the time of the accident, the

24   United States substituted in as Defendant and removed the case to this court on May 16,

25   2014.  The United States now moves to dismiss Plaintiffs' action for lack of subject

26   matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3).[1]

27   _____
          [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
28   otherwise noted.

1

1    For the reasons stated below, that Motion is DENIED.[2]

2

3                                    **BACKGROUND**

4

5           As indicated above, this lawsuit arises out of a motor vehicle accident that

6    occurred when Jay Evan Slaten, in the process of changing lanes, allegedly lost control

7    of the 2003 Saturn he was driving and slid into Plaintiff Alex Zivkovich's motorcycle.

8    Plaintiffs subsequently retained attorney Joseph Yates to represent them in their claim

9    for injuries sustained as a result of that March 5, 2012 accident.

10          According to Mr. Yates, he initially contacted Jay Slaten's personal automobile

11   insurance carrier, Mercury Insurance, on or about June 12, 2014, and was subsequently

12   told by the Mercury claim adjuster of a "potential" that Slaten was within the course and

13   scope of his employment with the IRS at the time of the incident.  Decl. of Joseph R.

14   Yates, ¶¶ 2-3.  Slaten declined to speak with investigators, however, and Yates'

15   attempts to contact the IRS yielded only an acknowledgment of its "potential liability" for

16   Slaten's actions.  Id. at 5-6.

17          Since any tort claim involving the United States must be presented to the

18   appropriate federal agency within two years following is accrual under 28 U.S.C.

19   § 2401(b), attorney Yates caused the necessary tort claims to be served on the IRS on

20   February 25, 2014, well within the two-year window of time for doing so.  Id. at ¶ 7, Ex. 6.

21   According to Yates, however, the two-year statute of limitations for commencing a state

22   personal injury lawsuit for personal injury under California Code of Civil Procedure §

23   335.1 was also rapidly approaching.   Because Yates had no definitive word on the

24   government's position with respect to whether Slaten was acting in the course and

25   scope of his employment with the IRS such that the United States would assume

26   responsibility for the accident as Slaten's employer, Yates determined that he had to file

27   _____

28          [2] Because oral argument was not of material assistance, the Court ordered this matter submitted
     on the briefs.  E.D. Cal. Local Rule 230(g).

                                             2

1    a state lawsuit against Slaten individually in the event that the government disclaimed

2    any liability for the accident.  Opp'n, 2:17-23.  Yates reasoned that otherwise his client

3    could potentially be left without any remedy whatsoever.  Consequently, in addition to his

4    already pending FTCA claim, Yates filed a lawsuit in Sacramento Superior Court on

5    March 5, 2014, one day before the state statute of limitations expired.

6         On May 14, 2014, Assistant United States Attorney Gregory Broderick called

7    Mr. Yates and told him that he intended to remove the case to federal court and

8    substitute the United States as the proper defendant.  Yates claimed that during that

9    conversation he expressed concern that the case was being removed before the federal

10   tort claim had been acted upon.  Yates wrote a confirming letter the following day

11   memorializing those concerns and offering to dismiss the state court action and refile in

12   federal court in order to avoid any jurisdictional issue with the state court lawsuit.  He

13   also asked Broderick to stipulate that the state lawsuit was sufficient in that regard.

14        Gregory Broderick's May 16, 2014 response declined to so stipulate and

15   suggested that Yates do his own research with regard to the Federal Tort Claim Act's

16   jurisdictional prerequisites.  Yates Decl., Ex. 10.  That same day, attorney Broderick

17   removed the state court action to this Court and filed a substitution naming the United

18   States as defendant in place of Jay Evan Slaten.   ECF Nos. 1, 3.  The IRS also sent its

19   written denial of Plaintiffs' administrative claims by notice dated May 16, 2014.

20        On November 20, 2014, just over six months after removing the case, attorney

21   Broderick filed the Motion to Dismiss now before the Court.  That motion argues that

22   Plaintiffs' state court lawsuit was prematurely filed because administrative remedies had

23   not yet been exhausted at the time it was filed on March 4, 2014.  According to the

24   government's motion, once those remedies were exhausted by denial of Plaintiffs' tort

25   claims on May 16, 2014, Plaintiffs had six months under 28 U.S.C. § 2675(a) within

26   which to file a timely lawsuit.  Broderick waited until that six-month period had expired

27   and now contends that Plaintiffs' ability to sue the United States has passed.

28   ///

1

2

**STANDARD**

3    Federal courts are courts of limited jurisdiction, and are presumptively without

4    jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

5    377 (1994).  The burden of establishing the contrary rests upon the party asserting

6    jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a

7    case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630

8    (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at

9    any point during the litigation through a motion to dismiss pursuant to Federal Rule of

10   Civil Procedure 12(b)(1).[3]  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also

11   Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir.

12   2009).  Lack of subject matter jurisdiction may also be raised by the district court

13   sua sponte.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed,

14   "courts have an independent obligation to determine whether subject matter jurisdiction

15   exists, even in the absence of a challenge from any party."  Id.; see Fed. R. Civ. P.

16   12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

17   There are two types of motions to dismiss for lack of subject matter jurisdiction: a

18   facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,

19   594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

20   allegations of jurisdiction contained in the nonmoving party's complaint, or may

21   challenge the existence of subject matter jurisdiction in fact, despite the formal

22   sufficiency of the pleadings.  Id.

23   When a party makes a facial attack on a complaint, the attack is unaccompanied

24   by supporting evidence, and it challenges jurisdiction based solely on the pleadings.

25   Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

26   dismiss constitutes a facial attack, the Court must consider the factual allegations of the

27

28   _____

[3] While the government's motion also references Rule 12(h)(3), that subsection simply reiterates the court's duty to dismiss an action if it at any time determines that it lacks subject matter jurisdiction.

4

1  complaint to be true, and determine whether they establish subject matter jurisdiction.

2  Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

3  2003).  In the case of a facial attack, the motion to dismiss is granted only if the

4  nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.

5  However, in the case of a facial attack, district courts "may review evidence beyond the

6  complaint without converting the motion to dismiss into a motion for summary judgment."

7  Safe Air for Everyone, 373 F.3d at 1039.

8       In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's

9  allegations."  Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the

10  motion has the burden of proving that subject matter jurisdiction does exist, and must

11  present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,

12  880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are

13  challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the

14  mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,

15  Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

16  Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may

17  review any evidence necessary, including affidavits and testimony, in order to determine

18  whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560

19  (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

20  burden and the court determines that it lacks subject matter jurisdiction, the court must

21  dismiss the action.  Fed. R. Civ. P. 12(h)(3).

22

23                                   **ANALYSIS**

24

25       The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.,"vests the

26  federal district courts with exclusive jurisdiction over suits arising from the negligence of

27  Government employees," and in so doing "waives the sovereign immunity of the United

28  States for actions in tort."  Jerves v. United States, 966 F.3d 517, 518 (9th Cir. 1992).

1   The FTCA "provides that 'an action shall not be instituted upon a claim against the

2   United States for money damages' unless the claimant has first exhausted his

3   administrative remedies.'" McNeil v. United States, 508 U.S. 107, 107 (1993) (quoting

4   28 U.S.C. § 2675(a)).  A claimant has six months from the denial of his or her claim by

5   the administrative agency to file an action in federal court, or, if the agency fails to make

6   a final disposition, six months from the time the claim is filed.  See 28 U.S.C. § 2675(a);

7   28 U.S.C. § 2401(b).  The requirement of administrative exhaustion is jurisdictional and

8   cannot be waived.  See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

9       In McNeil, a claimant sued the United States Public Health Service in federal

10  court before submitting any tort claim for his injury to the government under the FTCA.

11  The Supreme Court rejected any claim that the jurisdictional prerequisites of the FTCA

12  could be relaxed under circumstances where substantial progress had been made in

13  litigation before administrative remedies were exhausted, reasoning that "[t]he most

14  natural reading of [28 U.S.C. § 2675(a)] indicates that Congress intended to require

15  complete exhaustion of Executive remedies before invocation of the judicial process."

16  508 U.S. at 112.  Thus, the McNeil court held that courts lack subject matter jurisdiction

17  and must dismiss FTCA actions against the United States which are instituted before

18  those requisite administrative actions have occurred.  Id.

19      Relying on McNeil, the government here argues that Plaintiffs' state court action

20  was premature.  Courts within this district have, in the wake of McNeil, dismissed

21  complaints against the government prematurely filed in state court prior to exhaustion of

22  administrative remedies.  In Sparrow v. U.S. Postal Service, 825 F. Supp. 252, 254 (E.D.

23  Cal. 1993), for example, Plaintiff filed a state court personal injury action against the

24  United States Postal Service and the owners of a building where the Postal Service

25  leased service as a result of an accident on the premises.  Although Plaintiff was aware

26  of the government's involvement, he filed suit one year after the date of the accident in

27  order to preserve his state law claims against the owners, which were subject at that

28  time to a one-year statute of limitations.  Plaintiff had clearly not exhausted his

1  administrative claims against the government, and did not even file his FTCA claim until

2  one day later. The Court reasoned that because "the FTCA requires that an

3  administrative claim be finalized by the time the complaint is filed, plaintiff's complaint

4  cannot be cured through amendment, but instead plaintiff must file a new suit. Sparrow,

5  825 F. Supp. at 254.

6      Consistent with this reasoning, the government contends in the instant motion

7  that Plaintiffs' state court lawsuit must be dismissed as premature because  Plaintiffs had

8  not exhausted their administrative remedies prior to the time that suit was filed, either

9  through rejection of the FTCA claim or upon the expiration of six months from the date of

10  the claim if no rejection was made.  In addition, according to the government, Plaintiff

11  cannot rectify their premature claim by filing a new lawsuit because more than six

12  months has passed since their administrative claims have been denied.  The present

13  case is, however, distinguishable from Sparrow.  Unlike the plaintiff in that case,

14  Plaintiffs here allege that because they received no confirmation of the government's

15  liability (through confirmation that Jay Evan Slaten was acting in the course and scope of

16  his governmental employment at the time of the accident), they had no choice but to

17  preserve state court remedies against Slaten individually in the event no such

18  determination was forthcoming.[4]

19      The Ninth Circuit's decision in Staple v. United States, 740 F.2d 766 (9th Cir.

20  1983) is far more akin to the facts presented here.  In that case, after being injured in an

21  automobile accident, Lillian Staple filed a state court action against the adverse driver

22  and the government.  At the time she filed  suit on July 22, 1980, no determination as to

23  whether the driver was in fact operating within the course and scope of his employment

24  had yet been made, and no certification in that regard was made until May 18, 1982,

25

26  [4] Although the government contends that the state court complaint in fact asserted that Slaten was
in the course and scope by alleging that Slaten was "at all times acting within the course and scope of said

27  agency, employment, or contract…" (Pls.' Compl., ECF No. 1, ¶ 4), those allegations are pure boilerplate.
They do not, in this Court's estimation, denote any specific knowledge that Slaten was in fact acting as a
governmental employee at the time of the subject accident, or that Plaintiff's state court action "was always

28  against the United States" as the government alleges.  Reply, 4:27-5:2.

1   nearly two years later.  The government thereafter removed the case to federal court

2   and substituted for the driver as defendant, just as the United States did here.  The

3   government subsequently moved to dismiss on grounds that plaintiff Staple had not

4   exhausted her administrative remedies.  On appeal, the Ninth Circuit reversed the district

5   court's decision that the exhaustion requirement of 28 U.S.C. § 2675 deprived it of

6   subject matter jurisdiction   As the Staple court explained:

> We decline to extend the exhaustion requirement of section
> 2675(a) to state court suits against an individual.  A plaintiff
> may be unsure about pursuing her administrative remedy
> against the United States because she is uncertain whether
> section 2401(b) gives her two years to present her claim to
> the appropriate agency.  During that period, however, a
> careful plaintiff may nonetheless wish to file a state court
> action; by doing so, she ensures that if the driver is ultimately
> found to have acted outside the scope of his employment, a
> state forum is still available under the applicable state statute
> of limitations.  We do not believe that the filing of such an
> action, during the period which section 2401(b) gives plaintiff
> to pursue her administrative remedy, violates section 2675.

14   Id. at 768.  Concluding that the issue of federal court jurisdiction does not therefore rise

15   until removal to district court (since only then does the action become one against the

16   United States), the Ninth Circuit held that federal jurisdiction is determined as of the date

17   of removal to federal court, rather than the date the plaintiff filed suit against the driver in

18   state court.  Id.

19          Staple's reasoning is equally applicable here.  In the present case, the

20   government both removed the case and substituted in as defendant in place of Jay Evan

21   Slaten on May 16, 2014.  That same day, the IRS also issued its rejection of the

22   Plaintiffs' tort claim under the FTCA.  Consequently, as of the date of removal, which

23   Staple instructs is the pertinent date for determining subject matter jurisdiction under

24   these circumstances, the administrative claims process had also been exhausted by the

25   ///

26   ///

27   ///

28   ///

8

IRS's concurrent denial of Plaintiffs' claim.[5]  Subject matter jurisdiction is accordingly satisfied.

While the government attempts to discount Staple by arguing that its reasoning is undercut by the Supreme Court's subsequent decision in McNeil, the Court disagrees. Although McNeil unquestionably requires "strict adherence" to the procedural prerequisite that a plaintiff wait until he has exhausted administrative remedies before filing suit against the United States (see McNeil, 508 U.S. at 113), that does not mean that a lawsuit filed against an individual, at a point when no determination has been made as to whether that individual was acting in the course and scope of his or her employment, is subject to such strict adherence.  Indeed, the Ninth Circuit in Staple found  squarely to the contrary under virtually the same narrow set of facts confronted here.

## CONCLUSION

For all the foregoing reasons, the Motion to Dismiss filed on behalf of the United States for lack of subject matter jurisdiction under Rule 12(b)(1) and 12 (h)(3) (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated:  January 28, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Given the Ninth Circuit's directive to determine the propriety of federal subject matter jurisdiction as of the "date" of removal to federal court in a case like this one (Staple, 740 F.2d at 768), and because removal, substitution and denial of the FTCA claim all occurred here on the same "date" (May 16, 2014), this Court rejects any suggestion that the timing of the documents on that day makes any difference in the analysis.  Irrespective of whether removal may have technically occurred a few hours before the denial letter was postmarked, the fact remains that they both occurred the same day, and that is the dispositive factor under Staple.